Thomas H. Cutler, OSB #932452
thomas@hbclawyers.com
Harris Berne Christensen LLP
5000 SW Meadows Road, Suite 400
Lake Oswego, OR 97035
Telephone:  (503) 968-1475
Fax:  (503) 968-2003
    Of Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JAMES J. RIGGS** and **CELESTE L. RIGGS,**<br><br>                  Plaintiffs,<br><br>    v.<br><br>**HOMESALES, INC.,** an Oregon foreign business corporation**; WELLS FARGO BANK, N.A.**, a nationally chartered bank; and **NORTHWEST TRUSTEE SERVICES, INC.**, an Oregon foreign business corporation incorporated in Washington state,<br><br>                  Defendants. | *Case No. 3:12-CV-00289-SI*<br><br>**FIRST AMENDED COMPLAINT**<br><br>**QUIET TITLE DECLARATORY RELIEF DECLARING TRUSTEE'S ORS 86.735 FORECLOSURE BY ADVERTISEMENT AND SALE INVALID, NULL AND VOID; INJUNCTIVE RELIEF STAYING DEFENDANT'S FED ACTION**<br><br>**Case Not Subject to Mandatory Arbitration** |

Plaintiffs allege as follows:

### INTRODUCTION

**1.**

Plaintiffs are residents of Washington County, Oregon.  Jurisdiction is proper because Plaintiff and the real property at issue are located in Washington County and Defendant is engaged in business within Washington County.

1 - *Quiet Title Declaratory Relief Declaring Trustee's ORS 86.735 Foreclosure by Advertisement and Sale Invalid, Null and Void; Injunctive Relief Staying Defendant's Fed Action*

**2.**

Northwest Trustee Services, Inc. (hereinafter "Northwest"), is an Oregon foreign business corporation incorporated in Washington state. Fidelity National Title Insurance Company (hereinafter "Fidelity") is a California company that filed for registration, on or about July 26, 2010, to do business in Oregon under the assumed business name Lawyers Title Division of Fidelity National Title Insurance Company.

**3.**

Homesales, Inc., (hereinafter "Homesales Inc.") is an Oregon foreign business corporation incorporated in Delaware state and a wholly owned subsidiary of JPMorgan Chase (hereinafter "JPMorgan Chase"). Wells Fargo Bank, N.A. (hereinafter "Wells Fargo") is a nationally chartered bank.

**FACTS**

**4.**

On or about March 23, 2005, Plaintiffs as borrower executed a note and received a loan from Wells Fargo. The note (hereinafter "Note") was secured by a deed of trust against Plaintiffs' property located at 10655 SW 75th Avenue, Tigard OR 97223 in Washington County Oregon (hereinafter "the Property"). The deed was recorded in Washington County Records on March 29, 2005, as document number 2005-033077 (hereinafter "Trust Deed"). Fidelity was named trustee in the Trust Deed and Wells Fargo the named beneficiary.

**5.**

On or about May 3, 2010, Wells Fargo by and through Northwest filed and recorded in the Washington County Records a Notice of Default and Election to Sell, as document number 2010-03345, for the stated default basis of failure to pay when due certain sums under the Note secured by the Trust Deed recorded as document number 2005-033077.

**6.**

On or about October 7, 2010, Wells Fargo by and through Northwest purported to sell and convey at public auction, pursuant to a purported valid advertisement and sale foreclosure under ORS 86.735 *et seq*., all its rights and interests in the Property, Note and Trust Deed to Homesales, Inc. for $128,500.00 (hereainfter "Wells Fargo Foreclosure"). On or about October 10, 2010 Wells Fargo by and through Northwest issued a purported Trustee's Deed to Homesales Inc., which was recorded in Washington County Records as document number 2010-080820.

**7.**

On or about May 26, 2011, Homesales Inc., brought a Forcible Entry and Detainer Action (hereainfter "FED") against Plaintiffs in the Circuit Court of the State of Oregon for the County of Washington case number C11-1399EV. Defendant Homesales Inc. failed to execute and employ an FED complaint substantially in the form required by ORS 105.126 or to properly state the statutory basis for their claim to "entitlement" to possession.

**8.**

On information and belief, and as will be proved by documentary evidence and by expert testimony at trial, after Wells Fargo originated the Note and Trust Deed, the loan documents and rights therein were purchased on the secondary loan market, transferred multiple times and ultimately 'securitized.' To accomplish this 'securitization,' Wells Fargo sold and assigned all rights and interests in both the Note and Trust Deed to a 'seller'; said 'seller' in turn sold and assigned all rights and interests in both to a 'depositor'; said 'depositor' in turn sold and assigned all rights and interests in both to a mortgage-backed security trust (hereainafter "Securitization Trust") without recording in the county records the assignments from Wells Fargo to seller, seller to depositor, and depositor to the Securitization Trust in violation of ORS 86.735.

## **CLAIM FOR RELIEF**

**9.**

Plaintiffs hereby reallege and incorporate herein paragraphs 1 through 8 as though fully set forth herein.

**10.**

Based on the foregoing, Northwest did not have the power or authority to convey, assign, or transfer any legal instrument or rights and interests under the Trust Deed. Moreover, there appears to be no recorded appointment of successor trustee by Wells Fargo of Northwest recorded in the Washington County Records prior to Northwest's filing a Notice of Default and Election of Sale in violation of ORS 86.735, 86.735(1), 86.790(3) and 86.755(1), (3)-(5) and any subsequent acts by Northwest purportedly on behalf of Wells Fargo are null, void and without legal effect.

**11.**

Because Defendant Homesales Inc.'s predecessors in interest failed to comply with the requirements of ORS 86.735 *et seq.* in recording all assignments, substitutions of successor trustees, or affidavits of compliance by and through a valid trustee, Defendant Homesales Inc. did not receive, and could not have received, valid title to the property. The Trustee's Deed prepared by Northwest in favor of Defendant Homesales Inc. is null and void. Due to this fact, and compounded by the fact that Defendant Homesales Inc. has wrongly used ORS 86.755(5) and ORS 105.105 to 105.168 in attempting to dispossess Plaintiffs in a pending FED action, the Defendant Homesales Inc. does not have a current possessory right to the Property.

**12.**

Plaintiffs presently hold a fee ownership interest and possessory right in the Property superior to any and all claimed interests of Defendants or any other unknown persons or parties.

**13.**

Plaintiffs have a current lawful possessory right to the Property and are in current possession of the Property to the exclusion of Defendants or any other unknown persons or parties.

**14.**

The Property secured by the Trust Deed is unique and cannot be replaced. As such there is no plain, speedy, or adequate remedy at law for any claims to superior title or to remedy actions taken by Defendants or any other unknown persons or parties to attempt to deprive Plaintiffs of their ownership interests or possessory rights in the Property.

**15.**

WHEREFORE, under ORS 105.605 and ORCP 20J and common law equity principles, Plaintiff prays for a decree:

(a) Requiring Defendants and all persons claiming under Defendants and also all other persons or parties unknown claiming any right, title, lien, or interest in the Property described in the complaint herein., to set forth the nature of their claims, if any, to the Property described in paragraph 4 herein;

(b) Determining all adverse claims, if any, of Defendants and all persons or parties unknown claiming under Defendants;

(c) Declaring Plaintiffs to be owners in fee simple of the Property described above and entitled to possession thereof, free of any estate, title, claim, lien, or interest of Defendants or persons or parties unknown claiming under Defendants and quieting title in the Property solely in Plaintiffs;

(d) Enjoining Defendants and persons or parties claiming under Defendants from asserting any estate, title, claim, lien, or interest in the Property or any portion thereof and permanently

enjoining them from further attempts to foreclose or otherwise sell the Property and dispossess Plaintiffs;

(e) Granting Plaintiffs injunctive relief staying Defendant's FED action;

(f) Awarding Plaintiffs their costs and disbursements incurred herein; and

(g) Granting Plaintiffs such other relief as may be equitable.

DATED this 6th day of April 2012.

**HARRIS BERNE CHRISTENSEN LLP**

By: /s/ Thomas H. Cutler
Thomas H. Cutler, OSB #932452
Of Attorneys for Plaintiffs

Trial Attorney:
Thomas H. Cutler, OSB #932452